Argued and submitted May 3, affirmed May 24, 2017

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
an Illinois corporation,
*Plaintiff-Respondent,*

*v.*

Eunice SIEGER,
an individual,
*Defendant-Appellant.*

Umatilla County Circuit Court
CV141567; A162385

397 P3d 74

Mona J. Geidl argued the cause and filed the briefs for appellant.

John R. Bachofner argued the cause for respondent. With him on the brief was Jordan Ramis PC.

Before Egan, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

**LAGESEN, J.**

This is a declaratory judgment action in which State Farm Mutual Automobile Insurance Company (insurer) sought a declaration regarding its obligations to provide Uninsured/Underinsured Motorist (UM/UIM) benefits to Sieger (insured) in connection with an automobile accident that occurred on September 29, 2011. The issue is whether insured has a cause of action for UM/UIM benefits against insurer under ORS 742.504(12) and the policy issued to insured, which echoes the statute. Relying on *Bonds v. Farmers Ins. Co.*, 349 Or 152, 240 P3d 1086 (2010), the trial court granted summary judgment to insurer, concluding that the undisputed facts establish as a matter of law that insured has no cause of action against insurer for UM/UIM benefits in view of the requirements of ORS 742.504(12). It then entered a declaration to that effect. Because we agree with the trial court that *Bonds* controls the outcome of this case, we affirm.

ORS 742.504(12)(a) states:

"The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:

"(A)  Agreement as to the amount due under the policy has been concluded;

"(B)  The insured or the insurer has formally instituted arbitration proceedings;

"(C)  The insured has filed an action against the insurer; or

"(D)  Suit for bodily injury has been filed against the uninsured motorist and, within two years from the date of settlement or final judgment against the uninsured motorist, the insured has formally instituted arbitration proceedings or filed an action against the insurer."

Here, it is undisputed that the parties did not reach an agreement as to the amount due under the policy, that insured did not file an action against the insurer, and that insured did not file an action against the at-fault motorist within two years of the accident. It is also undisputed that insured did not formally initiate arbitration. Thus,

insured has a cause of action against insurer for UM/UIM benefits only if insurer "formally instituted" arbitration by September 29, 2013, the date two years from the date of the accident.

The undisputed facts show that insurer did not "formally institute[]" arbitration for purposes of ORS 742.504(12), as the Supreme Court construed that provision in *Bonds*. The only communication that insurer made to insured about arbitration was a letter conditionally consenting to arbitration in the event that the parties did not reach agreement about amounts due under the policy.[1] That letter stated, in relevant part:

> "If for some reason we are not able to reach an agreement as to the amount of benefits due under [insured's] coverage, [insurer] consents to submit [insured's] uninsured motorist claim to binding arbitration as provided by their policy."

Although the parties did not in fact reach agreement during the two-year time period, insurer did not expressly communicate to insured that a disagreement existed, or that, in its view, the obligation to arbitrate the case had been triggered, or that insurer otherwise thought the case had reached the point where the parties would submit it to arbitration.

On appeal, insured argues that (1) by notifying her that it consented to arbitration in the event that the parties did not reach agreement, and (2) by virtue of the fact that the parties did not, in fact, reach agreement within the two-year period, insurer "formally instituted" arbitration for purposes of ORS 742.504(12).

That argument is foreclosed by *Bonds*. There, the Supreme Court considered whether an insurer "formally instituted" arbitration by sending a letter almost identical to

---

[1] Insurer asserts that it later sent insured what the parties describe as a "Deadline Letter" a month before the two-year period under ORS 742.504(12) expired. According to insurer, that letter warned insured that she needed to formally institute arbitration in order to ensure that her cause of action accrued under ORS 742.504(12). Insured has represented that neither she nor her lawyer received such a letter until insurer provided a copy after the expiration of the two-year period. Neither party suggests that the disputes surrounding the Deadline Letter are material to the legal issue at hand, which is whether insurer formally instituted arbitration proceedings under *Bonds*'s interpretation of ORS 742.504(12).

the letter sent by insurer in this case, in which the insurer conditionally consented to arbitration in the event that the parties disagreed about the benefits due. *Bonds*, 349 Or at 154. Subsequently, the insurer did not "definitively" state to the insured that a disagreement existed, or otherwise raise the topic of arbitration. The court held that, under those circumstances, the insurer had not "formally instituted" arbitration, explaining that where "a party's consent to arbitrate is contingent on some future event and *that party does not expressly advise or acknowledge to the other party that that event has occurred*, no 'formal institution' of arbitration proceedings has occurred." *Id.* at 164 (emphasis added).

This case cannot be distinguished from *Bonds*. Insurer's letter consenting to arbitration was conditional in the same way the letter in *Bonds* was; the consent to arbitrate was predicated on the parties' potential future disagreement. Then, as in *Bonds*, insurer never expressly communicated to insured that a disagreement existed, or took any other steps—or made any other communications—to suggest that it was "formally" instituting arbitration. *See id.* ("[A] party that wishes to satisfy the time limits of ORS 742.504(12)(a)(B) by formally instituting arbitration proceedings must explicitly offer to arbitrate or demand arbitration to expressly begin that process."). As a result, under *Bonds*, insurer did not "formally institute" arbitration proceedings for purposes of ORS 742.504(12) and the policy. The trial court therefore correctly granted summary judgment to insurer.

Affirmed.